**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **LORI SCHLESSINGER and** | : | |
| **BRENDA PIANKO,** | : | |
| | : | |
| **Plaintiffs,** | : | **10 CV 2694** |
| | : | **Hon. Denis R. Hurley** |
| | : | **Magistrate Judge E. Thomas Boyle** |
| | : | |
| **v.** | : | |
| | : | |
| **VALSPAR CORPORATION,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## JOINT STATUS REPORT

In advance of the initial scheduling conference in this matter, set for October 25, 2010 at 3:30 p.m., counsel for Plaintiffs Lori Schlessinger and Brenda Pianko ("Plaintiffs"), and counsel for Defendant Valspar Corporation ("Valspar"), respectfully submit this Joint Status Report for the Court's consideration.

### I.      Nature of Case.

Plaintiffs have filed a two-count Complaint, both individually and on behalf of a putative class.  The Complaint alleges that Valspar violated General Business Law § 395-a ("GBL § 395-a"), which sets forth various grounds for the termination of a maintenance agreement.  The alleged Service Contracts between Valspar and the Plaintiffs promised certain repair and refurbishment services for furniture the Plaintiffs bought from Fortunoff, the furniture retailer.[1] The Service Contracts reserved Valspar's right to return the amounts Plaintiffs paid to the retailer

---

[1] Plaintiffs allege that Valspar's Guardsman division sold the Service Contracts to Fortunoff who allegedly sold them to Plaintiffs, and then went out of business.

for the protection plan, if the retailer closed or otherwise became unavailable to replace the furniture. Plaintiffs argue that the inclusion and enforcement of the provision violated New York law. Plaintiffs claim a right to relief under GBL § 349, New York's prohibition against Deceptive Acts and Practices and claim that Valspar's actions constituted a breach of what Plaintiffs claim a proper contract should have included as its terms.

## II.    Procedural Status.

Valspar has moved to dismiss on the grounds that there is no private right of action for Plaintiffs' GBL § 395-a claims, that neither GBL § 349 nor contract law can be used for an end-run around the lack of a private right of action, and that Plaintiffs' allegations fail to satisfy the other requirements for a GBL § 349 or contract claim. The parties exchanged letters in accordance with court rules, and pursuant to court order are now briefing the motion to dismiss. Briefing was initially scheduled for completion on October 28, 2010, but was extended by agreement and Court order at Plaintiffs' counsel's request. The briefing will now be complete on November 8, 2010.

## III.    Joint request to defer setting discovery schedule for approximately 30 days.

The parties met and conferred telephonically, pursuant to the Court's June 24, 2010 Order and the requirements of Rule 26(f), and are in the process of exchanging Rule 26(a) disclosures and other information by agreement. The parties have reached agreement regarding the form of ESI disclosure and discovery, and reached an agreement in principle on a claw-back arrangement and the need for an appropriate protective order for confidential materials.

Because the resolution of the pending motion may materially affect the scope of any discovery or further motions, the parties respectfully and jointly request that the Court defer the setting of deadlines for discovery and motions for approximately 30 days. The parties therefore

propose that the October 25, 2010 status conference be deferred, with the parties to submit a

further joint status report in 28 days, with the parties to appear for an initial scheduling

conference  on December 2, 3 or 6, 2010, if the Court approves such an approach.

Respectfully submitted,

| | |
|---|---|
| s/ Daniel A. Edelman | s/ Paula Morency (with consent) |
| Daniel A. Edelman (PHV) | Paula Morency (PHV) |
| Attorney for Plaintiff | Attorney for Defendant |

Daniel A. Edelman (PHV)                              Paula Morency (PHV)
Cathleen M. Combs (PHV)                            Jeannice D. Williams (PHV)
EDELMAN, COMBS, LATTURNER                David Elliot Jacoby
& GOODWIN, LLC                                         Schiff Hardin LLP
Chicago, IL 60606                                          233 S. Wacker Drive, Suite 6600
120 S. LaSalle Street, 18th Floor                   312-258-5500
Chicago, Illinois  60603                                FAX: 312-258-5600
312-739-4200                                               Email: pmorency@schiffhardin.com
Fax:  312-419-0379
Email: courtecl@edcombs.com

Lawrence Katz
LAW OFFICES OF LAWRENCE KATZ
445 Central Avenue, Suite 201
Cedarhurst, NY 11516
516-374-2118
Fax: 516-706-2404
Email: lkatz@lawkatz.com

3

## CERTIFICATE OF SERVICE

I, Daniel A. Edelman, hereby certify that on October 21, 2010, I caused to be filed the foregoing document with the Clerk of the Court using the CM/ECF system, which sent electronic notification to the following:

David Elliot Jacoby (djacoby@schiffhardin.com)

Paula J. Morency (pmorency@schiffhardin.com)

Jeannice D. Williams (jdwilliams@schiffhardin.com)

s/ Daniel A. Edelman
Daniel A. Edelman (PHV)

4